UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, BLACK & DECKER, INC., BLACK & DECKER (U.S.) INC., EMHART CORPORATION, and EMHART, INC.,<br><br>Defendants. | CIVIL ACTION<br>1:04-CV-10654-DPW |

**RENEWED SUMMARY JUDGMENT SUBMISSION PURSUANT TO COURT'S ORDER OF MARCH 19, 2004, APRIL 5, 2004 STATUS REPORT AND APRIL 8, 2004 STATUS CONFERENCE REGARDING BERKS, PENNSYLVANIA SITE**

# 1929900_v1

Table of Contents for Berks

TAB

1. Introduction;

2. Summary Of Berks Site Argument;

3. Motion And Supporting Memorandum Of Liberty Mutual Insurance Company For Summary Judgment, dated February 9, 1998, pages 220-223;

4. Memorandum Of Black & Decker In Support Of Motion For Partial Summary Judgment, dated February 9, 1998, pages 158-163;

5. Opposition Of Liberty Mutual Insurance Company To Defendants' Motion For Partial Summary Judgment, dated March 2, 1998, pages 77;

6. Further Memorandum In Support Of Black & Decker Motion For Summary Judgment With Respect To Black & Decker Sites (Bros, Douglassville and Huth), dated November 13, 1998, pages 11-14;

7. Supplemental Memorandum Supporting Liberty Mutual Insurance Company's Motion For Summary Judgment With Respect To The Bros, Berks Landfill, Huth Oil, Ansonia And Derby Sites, dated December 1, 1998, pages 54-57;

8. Draft Procedural Order, dated May 17, 2002, pages 35-36;

9. Joint Supplemental Submission, dated July 24, 2002; pages 28-29;

10. Revised Joint Supplemental Submission, dated August 15, 2002, pages 38-39;

11. Hearing Transcript – August 27, 2003;

12. Exhibits;

    a.     September 16, 1992 Third-Party Complaint naming Black & Decker;

    b.     April 2, 1993 – Black & Decker opts-in to settlement;

    c.     April 29, 1993 – Black & Decker advised by their outside counsel to notify insurers;

    d.     August 19, 1993 – Black & Decker dismissed from lawsuit;

    e.     March 3, 1994 – Liberty Mutual notified of complaint;

f. April 20, 1994 – Liberty Mutual requests further information about complaint;

g. Excerpts from deposition testimony of H. Lester Schurr, with exhibits 1 and 2 from deposition;

h. Expert reports of April 30, 1998 (Roux); February 28, 2003 (Alvey); February 28, 2003 (Roux).

# 1929846_v1

# Tab 1.

Introduction:

Pursuant to this Court's Order of March 19, 2004, the April 5, 2004 Status Report, the April 8, 2004 Status Conference, and Rule 56 of the Federal Rules of Civil Procedure, Liberty Mutual moves for entry of Summary Judgment in its favor with respect to the Berks, Pennsylvania Site.

As reasons therefore, all of which are more fully set forth below and in the memoranda and exhibits attached hereto, Liberty Mutual states:

1. The pollution exclusion in the applicable Black & Decker policies bar coverage for Black & Decker as it relates to any claims arising out and of the Berks Site; and

2. Black & Decker is not entitled to recover any costs incurred prior to notice to Liberty Mutual where Black & Decker received notice of the lawsuit in September, 1992; agreed to opt into the settlement of the matter in April, 1993; was dismissed from the lawsuit in August, 1993; and did not notify Liberty Mutual of any claim at all until April, 1994 after the lawsuit had been dismissed, whereby Liberty Mutual has been prejudiced.

In support of these arguments, Liberty Mutual, herewith resubmits the motion, memoranda and exhibits previously submitted to the Court with respect to the entry of summary judgment favor of Liberty Mutual, and in opposition to the summary judgment motion of Black & Decker. Further, these materials are supplemented by discovery, both factual and expert, that has occurred since the original submission of the summary judgment motions.

Summary of argument:

Allegedly, waste oil was hauled from Black & Decker's Hampstead, Maryland plant to the Berks Site in Pennsylvania by A&A Waste Oil at some point in 1973. There is no evidence that Black & Decker had any involvement at the Berks Site prior to 1973. The Black & Decker policies for the period beginning 1973 all contain pollution exclusions. As such, there can be no implication of the Black & Decker policies prior to 1973, because Black & Decker had no involvement at that site before 1973.

Factually, Black & Decker was named as a third-party defendant in a lawsuit relating to the Berks site on September 16, 1992. Black & Decker "opted-in" to the settlement approach on April 2, 1993. Black & Decker was dismissed for the lawsuit on August 19, 1993. However, despite being told by its outside counsel in April, 1993 to notify its insurers, Black & Decker chose not to notify Liberty Mutual of the lawsuit until April 20, 1994, long after the lawsuit had been dismissed.

This Court has concluded that Maryland law applies. Accordingly, the pollution exclusion is valid and enforceable. Here, there are no allegations whatsoever of any sudden and accidental events that possibly could have involved Black & Decker. By all accounts, this was a typical landfill contaminated by routine, gradual, and protracted releases of contaminants into the environment. In an effort to distract this Court's attention however, Black & Decker submits deposition testimony and national weather records regarding a tropical storm occurring in June, 1972 near the Berks area, that apparently caused flooding.

Black & Decker conveniently ignores, however, that the storm pre-dates any possible involvement of Black & Decker at the Berks site, and cannot be the basis for their argument that somehow the there was a sudden and accidental event negating the application of the pollution exclusion.

The uncontroverted facts are that there was no involvement of Black & Decker at Berks before 1973. This was a routinely, gradually contaminated landfill. There is no evidence whatsoever of any sudden and accidental event after 1973. Therefore, there is no coverage for Black & Decker at the Berks site.

This is confirmed by the exhibits annexed hereto, together with the various expert reports attached. The contamination was routine. There is no coverage for Black & Decker at the Berks site.

Furthermore, Black & Decker cannot recover from Liberty Mutual for any defense or indemnity costs incurred where it failed to provide notice to Liberty Mutual of anything related to the site until after the claim has been litigated and dismissed. There was nothing for Liberty Mutual to do at that point. They have been prejudiced and recovery should not be permitted.

# 1941224_v1



**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.
Dated: 5-17-04