# Tab 12.

# Exhibit A.

RIESENBURGER & KIZNER, P.C.
190 South Main Road
Vineland, NJ 08360
(609) 691-6200
Common Counsel for Third-Party Plaintiffs

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA** |
| Plaintiff, | : | |
| v. | : | Civil No. 91-4868 |
| BERKS ASSOCIATES, INC., | : | |
| H. LESTER SCHURR, | | |
| MONSEY PRODUCTS, INC., | : | |
| PRIMERICA CORPORATION, | | |
| CATERPILLAR, INC., | : | |
| CRC CHEMICALS, INC., | | |
| GENERAL ELECTRIC COMPANY, | : | |
| LEEDS & NORTHRUP COMPANY, | | |
| COOPER INDUSTRIES, INC., | : | **THIRD-PARTY COMPLAINT** |
| HANDY & HARMON TUBE COMPANY, INC. | | |
| PENNSYLVANIA POWER AND LIGHT | : | |
| COMPANY INC., | | |
| AMETEK INC., | | |
| WORTHINGTON ENTERPRISES, INC., | : | |
| JGB INDUSTRIES, INC., | | |
| GENERAL DYNAMICS CORPORATION, | : | |
| NEW JERSEY TRANSIT RAIL | | |
| OPERATIONS, INC., | : | |
| CONSOLIDATED RAIL CORPORATION, | | |
| A & A WASTE OIL COMPANY, | : | |
| NATIONAL RAIL PASSENGER | | |
| CORPORATION, | : | |
| CHRYSLER CORPORATION, | | |
| DANA CORPORATION, | : | |
| FARLEY INDUSTRIES, INC., | | |
| MACK TRUCKS, INC., | : | |
| MAYER-POLLOCK STEEL CORPORATION, | | |
| TEXTILE CHEMICAL COMPANY, | : | |
| WERNER'S BUS LINES, INC., | | |
| CERRO METAL PRODUCTS COMPANY, | : | |
| THOMAS & BETTS CORPORATION, | | |
| WINDSOR SERVICE, INC., | : | |
| TOTAL RECOVERY, INC., | | |
| RECLAMATION RESOURCES, INC., | : | |
| SIMON RESOURCES, INC., | | |
| MID-STATE TRADING COMPANY, | : | |

ALBERT CIMINO, JAMES GIBBONS,                    :
AND JAMES YERGER,
                      Defendants.               :
          and
                                                 :

A & A WASTE OIL COMPANY,                         :
AMETEK, INC.
BERKS ASSOCIATES,
CATERPILLAR, INC.,                               :
CERRO METAL PRODUCTS COMPANY,
CHRYSLER CORPORATION,                            :
CONSOLIDATED RAIL CORPORATION,
COOPER INDUSTRIES, INC.,                         :
CRC INDUSTRIES, INC.,
GENERAL DYNAMICS LAND SYSTEMS, INC.,             :
HANDY & HARMAN TUBE COMPANY, INC.,
JGB INDUSTRIES, INC.,                            :
LEEDS & NORTHRUP COMPANY,
H. LESTER SCHURR,                                :
MACK TRUCKS, INC.,
MAYER-POLLOCK STEEL CORPORATION,                 :
MONSEY PRODUCTS, INC.,
NATIONAL RAILROAD PASSENGER                      :
CORPORATION,
NEW JERSEY TRANSIT RAIL                          :
OPERATIONS, INC.,
PENNSYLVANIA POWER AND                           :
LIGHT COMPANY, INC.,
PRIMERICA CORPORATION,                           :
TEXTILE CHEMICAL COMPANY, INC.,
THOMAS & BETTS CORPORATION,                      :
TOTAL RECOVERY, INC.,
WERNER BUS LINES, INC., AND                          :
WINDSOR SERVICE, INC.
                                                 :

                Third-Party Plaintiffs,          :
          v.
                                                 :

AAMCO TRANSMISSIONS,                             :
ACE DISPOSAL,
ADMIRAL,                                         :
ADVENTEK CORPORATION,
AIR PRODUCTS & CHEMICALS, INC.,                  :
ALLENTOWN WASTE OIL CO.,
ALLIED CHEMICAL COMPANY,                         :
ALUMINUM CO. OF AMERICA,
ALUMINUM SHAPES, INC.,                           :
AMERICAN MINERAL PURE

2

SPIRITS COMPANY,                                         :
AMERICAN WASTE OIL,
APACHE WASTE OIL CO.,                                    :
ASPLUNDH TREE EXPERT CO.,
BALTIMORE WASTE OIL CO.,                                 :
BARON CHEMICALS, INC.,
BAUMGARDNER PAVING CO., A/K/A                            :
BAUMGARDNER COMPANY AND
BAUMGARDNER OIL COMPANY,                                 :
BEATRICE COMPANY,
BESSEMER & LAKE ERIE RAILROAD                            :
COMPANY,
BETHLEHEM STEEL CORPORPORATION,                          :
BIRDSBORO CORPORATION,
BLACK & DECKER,                                          :
BOOTH OIL CO.,
BRIDGEPORT RENTAL & OIL SERVICES,                        :
BRIDGEPORT RENTAL & OIL SERVICES, INC.,
BROWN BOVERI, INC.,                                      :
BRUSH-WELLMAN, INC.,
THE BUDD COMPANY,                                        :
CABOT CORPORATION,
CAPITAL PRODUCT CORP.,                                   :
CENTRAL JERSEY INDUSTRIES, INC.,
CENTRAL OIL,                                             :
CHEVRON CORPORATION,
CITY OIL CO.,                                            :
CITY WASTE OIL SERVICE,
COLUMBIA GAS TRANSMISSION CORP.,                         :
CONGOLEUM CORP.,
CONNECTICUT WASTE OIL, INC.,                             :
CONNECTICUT WASTE OIL SERVICE,
C.C. COTTON COMPANY,                                     :
WILLIAM COX, T/A CITY WASTE OIL SERVICE,
CRESSONA ALUMINUM CO.,                                   :
CSX TRANSPORTATION, INC.,
CUMMINS DIESEL,                                          :
DIAMOND HEAD OIL REFINERY,
DIVERSIFIED PRINTING CORPORATION,                        :
DORMA DOOR CONTROL, INC.,
DRYDEN OIL COMPANY, INC.,                                :
EASTERN STAINLESS STEEL,
ELLICOTT MACHINE COMPANY,                                :
EMERSON ELECTRIC CO.,
EVERGREEN ENVIRONMENTAL INDUSTRIES,                      :
EXIDE CORPORATION,
EXXON,                                                   :
LOUIS FISHER,
FLOWEN OIL DELAWARE VALLEY, INC.,                        :

3

corporation that operates or conducts business or has operated and/or conducted business at Baumgardner Lane, Waynesboro, Pennsylvania and 1514 Black Gap Road, Fayettesville, Pennsylvania and at the times of the matters alleged herein, operated and/or conducted business within the Commonwealth of Pennsylvania.

22. Beatrice Company by its Richardson Mint Division of its "Confectionary Group" is a corporation that operates or conducts business, or has operated and/or conducted business and at the times of the matters alleged herein, operated and/or conducted business within the Commonwealth of Pennsylvania.

23. Bessemer & Lake Erie Railroad Company, is a corporation that operates or conducts business or has operated and/or conducted business at 135 Jameson Lane, Monroeville, Pennsylvania and at the times of the matters alleged herein, operated and/or conducted business within the Commonwealth of Pennsylvania.

24. Birdsboro Corporation is a corporation that operates or conducts business or has operated and/or conducted business at 1941 Furnace Street, Birdsboro, Pennsylvania and at the times of the matters alleged herein, operated and/or conducted business within the Commonwealth of Pennsylvania.

25. Black & Decker is a corporation that operates or conducts business, or has operated and/or conducted business and at the times of the matters alleged herein, operated and/or conducted business within the Commonwealth of Pennsylvania.

26. Booth Oil Co. is a corporation that operates or conducts business or has operated and/or conducted business at 76-84 Robinson Street, North Towanda, New York and at the times of the matters alleged herein, operated and/or conducted business within the Commonwealth of Pennsylvania.

27. Bridgeport Rental & Oil Services operates or conducts business, or has operated and/or conducted business at Brown Road and State Highway 130, Bridgeport, New Jersey and at the times of the matters alleged herein, operated and/or conducted business within the Commonwealth of Pennsylvania.

28. Bridgeport Rental & Oil Services, Inc. is a corporation that operates or conducts business, or has operated and/or conducted business at Brown Road and State Highway 130, Bridgeport, New Jersey and at the times of the matters alleged herein, operated and/or conducted business within the Commonwealth of Pennsylvania.

of the matters alleged herein, operated and/or conducted business within the Commonwealth of Pennsylvania.

162. CSX Transporation, Inc. is a corporation that operates or conducts business, or has operated and/or conducted business in Baltimore, Maryland and at the times of the matters alleged herein, operated and/or conducted business within the Commonwealth of Pennsylvania.

163. Philadelphia Electric Company is a corporation that operates or conducts business or has operated and/or conducted business and at the times of the matters alleged herein, operated and/or conducted business within the Commonwealth of Pennsylvania.

164. TRW Inc. is a corporation that operates or conducts business or has operated and/or conducted business and at the times of the matters alleged herein, operated and/or conducted business within the Commonwealth of Pennsylvania.

165. USX Corporation is a corporation that operates or conducts business or has operated and/or conducted business and at the times of the matters alleged herein, operated and/or conducted business within the Commonwealth of Pennsylvania.

<u>COUNT I</u>

<u>Claim for Relief Under Section 107 of CERCLA</u>

166. The allegations of paragraphs 1 through 165 of this Third-Party Complaint are incorporated herein by reference thereto with the same force and effect as if set forth at length.

167. Third-Party Plaintiffs, without admitting any matters that are not specifically admitted in their answers, by way of Third-Party Complaint, hereby say alternatively or hypothetically pursuant to Rule 8(e) (2) of the Federal Rules of Civil Procedure that the Third-Party Defendants herein are liable to the Original Defendant's and Third-Party Plaintiffs for reimbursement of their response costs under Section 107(a) of CERCLA 42 U.S.C. Section 9607(a), and further aver and plead the following:

168. The Douglassville Site has been included in the United States Environmental Protection Agency's National Priority List of hazardous waste sites pursuant to CERCLA.

169. Third-Party Plaintiffs have incurred, may incur and/or are liable or potentially liable for response

28

costs consistent with the National Contingency Plan.

170.    The response costs incurred and to be incurred by the Original Defendants and Third-Party Plaintiffs in the underlying action (and as the result of a Section 106 Order of July 31, 1991) are necessary costs for response consistent with the National Contingency Plan.  The response costs were incurred because of claimed releases or threatened releases of hazardous substances at or from the Douglassville Site, and which were consistent with the National Contingency Plan.

171.    The Third-Party Defendants are Generators, Arrangers, and/or predecessors which by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a  transporter for transport for disposal or treatment, of hazardous substances or materials containing hazardous substances owned or possessed by the Third-Party Defendant Generator or Arranger.  The disposal or treatment took place at the Douglassville Site which contains such hazardous substances.  In the alternative, The Third-Party Defendants are Transporters and their predecessors which accepted hazardous substances, or materials containing hazardous substances, for transport to the Douglassville Site for disposal or treatment, selected the Douglassville Site and transported to the Douglassville Site hazardous substances, or materials containing hazardous substances, for disposal or treatment.  The disposal or treatment took place at the Douglassville Site which contains such hazardous substances.

172.    As a result of the acts alleged herein, the Third-Party Defendants listed above are liable or potentially liable parties under Sections 107(a)(2), 107 (a)(3), and/or 107 (a)(4) of CERCLA, 42 U.S.C. Section 9607(a)(2),(3) and/or (4), to the Original Defendants and Third-Party Plaintiffs for reimbursement of their response costs.

173.    Section 107(a)(2) of CERCLA, 42 U.S.C. Section 9607(a)(2) specifically provides for the liability of "any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of".

174.    Section 107(a)(3) of CERCLA, 42 U.S.C. Section 9607(a)(3) specifically provides for the liability of "any person who by contract, agreement or otherwise arranged for disposal or treatment, or arranged with a

transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances".

175.  Section 107(a)(4) of CERCLA, 42 U.S.C. Section 9607(a)(4), specifically provides for the liability of "any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable".

176.  "Person" is defined at Section 101(21) of CERCLA, 42 U.S.C. Section 9601(21), as an individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, United States Government, state, municipality, commission, political subdivision of a State, or any interstate body".

WHEREFORE, Third-Party Plaintiffs, A & A Waste Oil Company, Ametek, Inc., Berks Associates, Inc., Caterpillar, Inc., Cerro Metal Products Company, Chrysler Corporation, Consolidated Rail Corporation, Cooper Industries, Inc., CRC Industries, Inc. (improperly referred to in the Complaint as CRC Chemicals, Inc.), General Dynamics Land Systems, Inc., (improperly referred to in the Complaint as General Dynamics Corporation), Handy & Harman Tube Company, Inc. (improperly referred to in the Complaint as Handy & Harmon Tube Company, Inc.), JGB Industries, Inc., Leeds & Northrup Company, H. Lester Schurr, Mack Trucks, Inc., Mayer-Pollock Steel Corporation, Monsey Products, Inc., National Railroad Passenger Corporation (Amtrak) (improperly referred to in the Complaint as National Rail Passenger Corporation), New Jersey Transit Rail Operations, Inc., Pennsylvania Power and Light Company, Inc., Primerica Corporation, Textile Chemical Company, Thomas & Betts Corporation, Total Recovery, Inc., Werner Bus Lines, Inc., and Windsor Service, Inc., demand judgment against the Third-Party Defendants, as follows:

(a).  Entering a Judgment against the Third-Party Defendants declaring them liable for all response costs under 42 U.S.C. Section 9607(a), which declaration shall be binding in this and any subsequent action;

(b).  Ordering the Third-Party Defendants to reimburse the Original Defendants' response costs, together with interest thereon;

(c).  Ordering Third-Party Defendants pay to each Third-Party Plaintiff its costs of suit including reasonable attorneys fees; and

(d).  For such other relief as this Court may deem equitable and just.

## COUNT II

### Claim for Relief Under Section 113 of CERCLA

177.  The allegations of paragraphs 1 through 177 of this Third-Party Complaint are incorporated herein by reference thereto with the same force and effect as if set forth at length.

178.  Section 113(f) of CERCLA, as amended by the Superfund Amendments and Reauthorization Act of 1986 (SARA), 42 U.S.C. Section 9613(f), provides that any person may seek contribution from any other person who is liable or potentially liable under Section 107(a)(2), (3) and/or (4).

179.  Pursuant to Section 113(f) of CERCLA, 42 U.S.C. Section 9613(f), each Third-Party Plaintiff seeks contribution against each and every generator, transporter, owner/operator, and other person liable or potentially liable under Section 107(a)(2), (3) and/or (4) of CERCLA, 42 U.S.C. Section 9607(a)(2), (3) and/or (4) for recovery, reimbursement, and/or contribution toward all response costs, including interest, which have been,may have been, or in the future will be incurred and that in any way concern or relate to the Douglassville Site.

WHEREFORE, Third-Party Plaintiffs, A & A Waste Oil Company, Ametek, Inc., Berks Associates, Inc., Caterpillar, Inc., Cerro Metal Products Company, Chrysler Corporation, Consolidated Rail Corporation, Cooper Industries, Inc., CRC Industries, Inc. (improperly referred to in the Complaint as CRC Chemicals, Inc.), General Dynamics Land Systems, Inc., (improperly referred to in the Complaint as General Dynamics Corporation), Handy & Harman Tube Company, Inc. (improperly referred to in the Complaint as Handy & Harmon Tube Company, Inc.), JGB Industries, Inc., Leeds & Northrup Company, H. Lester Schurr, Mack Trucks, Inc., Mayer-Pollock Steel Corporation, Monsey Products, Inc., National Railroad Passenger Corporation (Amtrak) (improperly referred to in the Complaint as National Rail Passenger Corporation), New Jersey Transit Rail Operations, Inc., Pennsylvania Power and Light Company, Inc., Primerica Corporation, Textile Chemical Company, Thomas &

31

Betts Corporation, Total Recovery, Inc., Werner Bus Lines, Inc., and Windsor Service, Inc., demand judgment against the Third-Party Defendants, as follows:

(a). Declaring that the Third-Party Defendants are liable to the Third-Party Plaintiffs pursuant to Section 113(f) of CERCLA, 42 U.S.C. Section 9613(f), which declaration shall be binding in this and any subsequent action.

(b). Ordering Third-Party Defendants to immediately pay to Third-Party Plaintiffs their share of contribution for response costs incurred and/or to be incurred by Third-Party Plaintiffs concerning or relating in any to the Douglassville Site, together with interest thereon;

(c). Ordering Third-Party Defendants to pay to each Third-Party Plaintiff its costs of suit, including reasonable attorneys fees; and

(d). For such other relief as this Court may deem equitable and just.

## COUNT III

### Claim for Restitution Under Common Law

180. The allegations of paragraphs 1 through 179 of this Third-Party Complaint are incorporated herein by reference thereto with the same force and effect as if set forth at length.

181. By responding to the claimed environmental contamination at and from the Douglassville Site caused by the Third-Party Defendants, the Original Defendants and Third-Party Plaintiffs have conferred a benefit which the Third-Party Defendants are passively accepting. The Third-Party Defendants would be unjustly enriched if they were permitted to retain such benefits conferred on them by the Original Defendants and Third-Party Plaintiffs, since both federal and state law obligates the Third-Party Defendants to bear the expenses of remediating the claimed contamination that they have caused at the Douglassville Site.

WHEREFORE, Third-Party Plaintiffs, A & A Waste Oil Company, Ametek, Inc., Berks Associates, Inc., Caterpillar, Inc., Cerro Metal Products Company, Chrysler Corporation, Consolidated Rail Corporation, Cooper Industries, Inc., CRC Industries, Inc. (improperly referred to in the Complaint as CRC Chemicals, Inc.), General Dynamics Land Systems, Inc. (improperly referred to in the Complaint as General Dynamics Corporation), Handy

32

& Harman Tube Company, Inc. (improperly referred to in the Complaint as Handy & Harmon Tube Company, Inc.), JGB Industries, Inc., Leeds & Northrup Company, H. Lester Schurr, Mack Trucks, Inc., Mayer-Pollock Steel Corporation, Monsey Products, Inc., National Railroad Passenger Corporation (Amtrak) (improperly referred to in the Complaint as National Rail Passenger Corporation), New Jersey Transit Rail Operations, Inc., Pennsylvania Power and Light Company, Inc., Primerica Corporation, Textile Chemical Company, Thomas & Betts Corporation, Total Recovery, Inc., Werner Bus Lines, Inc., and Windsor Service, Inc., demand judgment against the Third-Party Defendants, as follows:

(a).  Entering a Judgment against the Third-Party Defendants declaring them liable to the Original Defendants and Third-Party Plaintiffs for restitution of the costs incurred in responding to the environmental conditions at, around, and from the Douglassville Site, which Judgment shall be binding in any subsequent action.

(b).  Awarding the Original Defendants their attorney fees and costs in this action; and

(c).  For such other relief as this Court may deem equitable and just.

### COUNT IV

#### Claim for Contribution

182.  The allegations of paragraphs 1 through 181 of this Third-Party Complaint are incorporated herein by reference thereto with the same force and effect as if set forth at length.

183.  The tortious conduct of the Third-Party Defendant Generators, Arrangers, Transporters, and Owners/Operators caused and/or substantially contributed to the environmental conditions at the Douglassville Site.

184.  As a direct result of such conduct by Third-Party Defendants, the Original Defendants and Third-Party Plaintiffs have incurred and will continue to incur costs of various response activities at the Douglassville Site.

185.  In the event the Original Defendants are found liable to the Plaintiffs, which liability is being expressly denied, the response costs already incurred by the Original Defendants are greater than the Original Defendant's share of such liability. Under Pennsylvania's Uniform Contribution Among Tortfeasors Act, 42 P.S.

33

Section 8324 and applicable principles of federal common law, the Third-Party Defendant's as joint tortfeasors in this action are liable to the Original Defendants for contribution towards the costs that the Original Defendants have incurred in excess of their share in responding to the environmental conditions at the Douglassville Site.

WHEREFORE, Third-Party Plaintiffs, A & A Waste Oil Company, Ametek, Inc., Berks Associates, Inc., Caterpillar, Inc., Cerro Metal Products Company, Chrysler Corporation, Consolidated Rail Corporation, Cooper Industries, Inc., CRC Industries, Inc. (improperly referred to in the Complaint as CRC Chemicals, Inc.), General Dynamics Land Systems, Inc. (improperly referred to in the Complaint as General Dynamics Corporation), Handy & Harman Tube Company, Inc. (improperly referred to in the Complaint as Handy & Harmon Tube Company, Inc.), JGB Industries, Inc., Leeds & Northrup Company, H. Lester Schurr, Mack Trucks, Inc., Mayer-Pollock Steel Corporation, Monsey Products, Inc., National Railroad Passenger Corporation (Amtrak) (improperly referred to in the Complaint as National Rail Passenger Corporation), New Jersey Transit Rail Operations, Inc., Pennsylvania Power and Light Company, Inc., Primerica Corporation, Textile Chemical Company, Thomas & Betts Corporation, Total Recovery, Inc., Werner Bus Lines, Inc., and Windsor Service, Inc., demand judgment against the Third-Party Defendants, as follows:

(a). Entering a Judgment against the Third-Party Defendants declaring them liable for contribution, which declaration shall be binding in this and any subsequent action;

(b). Ordering the Third-Party Defendants to reimburse the Original Defendants for the Third-Party Defendants' shares of the response costs incurred to date by the Original Defendants.

(c). Awarding the Original Defendants their attorney fees and costs in this action; and

(d). For such other relief that this Court may deem equitable and just.

RIESENBURGER & KIZNER, P.C.
Common Counsel for Third-Party Plaintiffs

By _____

FRANKLIN J. RIESENBURGER

Dated: September 16, 1992

34

ROBERT J. DEL TUFO
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Defendant/Third
   Party Plaintiff, New Jersey
   Transit Rail Operations, Inc.

Dated: 9/16/92

BY: _____
   Jeffrey Gonzalez
   Deputy Attorney General

# Exhibit B.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. 91-4868 |
| Plaintiff, | : | |
| v. | : | |
| BERKS ASSOCIATES, INC., et al.: | : | E. MAC TROUTMAN, S.J. |
| Defendants. | : | |

CERTIFICATE "OPTING IN" TO
THE SETTLEMENT TRACK PROCEDURES

Black & Decker (U.S.), Inc., pursuant to § I2(a) of the Court's March 5, 1993 First Modified Case Management Order, hereby "opts in" to the Settlement Track Procedures.  Black & Decker (U.S.), Inc. intends to participate in good faith in the Settlement Track Procedures, including the funding of such procedures.

By: _Jeffrey M. Karp_____
Jeffrey M. Karp
Swidler & Berlin, Chartered
3000 K Street, N.W.
Suite 300
Washington, D.C.  20007-3851
(202) 944-4300

Counsel to Black & Decker
(U.S.), Inc.

Date:  April 2, 1993

CONFIDENTIAL
INFORMATION
BD114-1252

## CERTIFICATE OF SERVICE

I, Jeffrey M. Karp, hereby certify that a copy of the foregoing Certificate "Opting In" to the Settlement Track Procedures was served, via first class mail, postage pre-paid, upon the following:

Franklin J. Riesenburger
Sharon Oras Morgan
Riesenburger & Kizner, P.A.
190 S. Main Road
Vineland, NJ 08360
(Liaison Counsel for Third Party Plaintiffs)

Kevin A. Gaynor
Venable, Baetjer, Howard & Civiletti
1201 New York Avenue, N.W.
Washington, D.C. 20005
(Liaison Counsel for Third Party Defendants)

Maggie Watts, Paralegal
Pepper, Hamilton & Scheetz
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
(Berks Associates/Douglassville Document
Repository)

Ralph H. Lindeman, Esq.
Environmental Enforcement Section
United States Department of Justice
1425 New York Avenue, N.W.
Washington, D.C. 20005

Jeffrey M. Karp

Date: April 2, 1993

2

CONFIDENTIAL
INFORMATION
BD114-1253

# Exhibit C.

# SWIDLER
# & 
# BER IN
## CHARTERED

PERI N. MAHALEY
ATTORNEY-AT-LAW

DIRECT DIAL
(202)424-7637

APR 1993

April 29, 1993

**VIA FEDERAL EXPRESS**

Ms. Linda H. Biagioni
Vice President, Environmental Affairs
The Black & Decker Corporation
701 East Joppa Road (TW173)
Towson, MD  21286

Re:  Insurance Notification on Certain Environmental
     Claims to be Handled by Alexander & Alexander

Dear Linda:

Last week Helene Rodgville asked me to put together the information that would be needed by Mike Margiotta to take over the process of notifying insurers and keeping them informed of developments with respect to the following environmental matters:

1. BROS/Logan Township, NJ
2. Berks Landfill/Douglassville, PA
3. Harmonic Drive, 51 Armory Street/Wakefield, MA

This letter and the attachments contain the necessary information. If you concur in the following descriptions, please forward this material to Mike Margiotta.

1.  BROS/Logan Township, NJ

The Bridgeport Rental and Oil Services Superfund site ("BROS") is located in Logan Township, Gloucester County, New Jersey. BROS was operated between 1958 and 1981 for the purpose of re-refining waste oil. It contains a lagoon in which waste oil and other wastes were deposited. A tank storage facility was also operated at the site.

Two lawsuits with respect to this matter, Rollins Environmental Services (NJ) Inc. v. United States, No. 92-1253 (D.N.J.), and United States v. Allied-Signal, Inc., No. 92-2726 (D.N.J.), have been filed and consolidated. The private litigants in the consolidated cases have alleged that Black & Decker disposed of some or all of its waste through A&A Waste Oil Company ("A&A") of Baltimore, Maryland. A&A is a transporter of waste oil in the Baltimore metropolitan area. The private

3000 K Street, N.W. ■ Suite 300
Washington, D.C. 20007-5116
(202)424-7500 ■ Telex 701131 ■ Facsimile (202)424-764

PRIVILEGED AND CONFIDENTIAL B&D MA    LM    0036680

# Exhibit D.

FILED 'AUG 1 9 1993

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>BERKS ASSOCIATES, INC., et al.<br>Defendants<br><br>and<br><br>AAMCO TRANSMISSION, et al.,<br>Third-Party Defendants | CIVIL ACTION NO. 91-4868<br><br>ORDER DISMISSING<br>THIRD-PARTY DEFENDANTS<br>WITHOUT PREJUDICE |

This matter having been brought before the Court on motion of Riesenburger & Kizner, P.C., common counsel for Third-Party Plaintiffs, for an Order dismissing the following Third-Party Defendants, without prejudice, and the Court having considered the matter and good cause appearing, IT IS on this *17ᵀᴴ* day of *August*, 1993 ORDERED that the following Third-Party Defendants be dismissed without prejudice:

1. **Aamco Transmissions** - appearing in paragraph 6 in the Third-Party Complaint

2. **Admiral Pontiac** - appearing in paragraph 198 of First Amendment to Third-Party Complaint

3. **Agnellos Exxon Service Center c/k/a Stadun Exxon** - appearing in paragraph 616 of First Amendment to Third-Party Complaint

4. **Air Products & Chemicals, Inc.** - appearing in paragraph 10 in the Third-Party Complaint

5. **Airport Limousine** - appearing in paragraph 200 of First Amendment to Third-Party Complaint

CONFIDENTIAL
INFORMATION
BD114-1775

RIESENBURGER & KIZNER • A PROFESSIONAL CORPORATION
100 SOUTH MAIN ROAD • VINELAND, NEW JERSEY 08360

6. **Allied Chemical Company** - appearing in paragraph 12 in the Third-Party Complaint

7. **Al Packer Ford**  - appearing in paragraph 201 of First Amendment to Third-Party Complaint

8. **Al Packer Mazda** - appearing in paragraph 202 of First Amendment to Third-Party Complaint

9. **Annapolis Mercedes** - appearing in paragraph 207 of First Amendment to Third-Party Complaint

10. **Annapolis Yacht Club** - appearing in paragraph 208 of First Amendment to Third-Party Complaint

11. **Anderson Chevrolet** - appearing in paragraph 209 of First Amendment to Third-Party Complaint

12. **Anderson Exxon Service Center** - appearing in paragraph 617 of First Amendment to Third-Party Complaint

13. **Anderson Oldsmobile** - appearing in paragraph 210 of First Amendment to Third-Party Complaint

14. **Arbutus Shell** - appearing in paragraph 636 of First Amendment to Third-Party Complaint

15. **Archway Ford** - appearing in paragraph 212 of First Amendment to Third-Party Complaint

16. **Associated Transport** - appearing in paragraph 216 of First Amendment to Third-Party Complaint

17. **AT&T** - appearing in paragraph 217 of First Amendment to Third-Party Complaint

18. **Avis Rent A Car** - appearing in paragraph 220 of First Amendment to Third Party Complaint

19. **Baltimore Gas & Electric** - appearing in paragraph 221 of First Amendment to Third-Party Complaint

20. **Baltimore Motor Coach** - appearing in paragraph 222 of First Amendment to Third-Party Complaint

21. **Black & Decker** - appearing in paragraph 25 in the Third-Party Complaint

2

CONFIDENTIAL
INFORMATION
BD114-1776

RIESENBURGER & KIZNER • A PROFESSIONAL CORPORATION
190 SOUTH MAIN ROAD • VINELAND, NEW JERSEY 08360

**190. Yale Industries** - appearing in paragraph 603 in First Amendment to Third-Party Complaint

E. Mac Troutman, S.J.
United States Judge

ENTERED: 8-19-93

CLERK OF COURT

14

XXXII-147

CONFIDENTIAL
INFORMATION
BD114-1777

RIESENBURGER & KIZNER • A PROFESSIONAL CORPORATION
190 SOUTH MAIN ROAD • VINELAND, NEW JERSEY 08360

# Exhibit E.

 **Alexander &Alexander**

Alexander & Alexander Inc.
111 Market Place
Baltimore, Maryland 21202
Telephone 410 547-2800
FAX 410 547-2914

Writer's Direct Dial:
(410)547-2815

March 3, 1994

<u>Certified Mail/Return Receipt Requested</u>

THE INTERESTED UNDERWRITERS (per attached list)

RE:  Insured:    Black & Decker
     Claimant:   USEPA
     Location:   Bridgeport Rental and Oil Services Site
                 Logan Township, NJ

Ladies/ Gentlemen:

Enclosed is documentation received from the insured on the above matter.  The insured has requested that we supply this information to you as notice of this loss under your respective policies.  Please acknowledge receipt of this material in writing to our office.

Black & Decker hereby demands that you provide Black & Decker a defense in this action and that you pay and/or indemnify Black & Decker for all damages, costs and expenses incurred by Black & Decker arising out of this matter.

For prompt and proper response to this loss, defense counsel has been assigned by the insured.  Acknowledgment of receipt of this loss should also be directed to assigned counsel.

If specific questions arise on this loss, please direct inquiries to the undersigned.  By copy of this letter to the insured, I ask that this office be advised of all significant developments.

Thank you for your attention.

Respectfully,

Michael D. Margiotta, AVP

Enclosure      1) Case Summary
               2) Litigation Documents



# Exhibit F.

100 Main Street
P. O. Box 1525
Dover, New Hampshire 03820-1525
Telephone: (603) 749-2600

**LIBERTY
MUTUAL.**

April 20, 1994

Michael D. Margiotta
Alexander & Alexander, Inc.
111 Market Place
Baltimore, MD 21202

Dear Mr. Margiotta:

Upon receipt of your letter of March 3, 1994 regarding notice of Black &
Decker's involvement at the BROS site in Logan Township, New Jersey, I
also noticed the enclosures and documentation referenced possible
involvement at several other sites. Specifically, Perri Mahaley's letter of
April 29, 1993 refers to:

1.   Berks Landfill-Douglasville, Pennsylvania
2.   Harmonic Drive, 51 Armory Street, Wakefield, Massachusetts

A review of our records and automated system indicates we have no files
or information concerning these sites.

As such, this letter will serve as acknowledgment of your notification to
Liberty Mutual of your potential involvement at both of the above-
captioned sites. In accordance with our company's procedure, we will
initiate an investigation into the nature of these claims and the application
of coverage. Your cooperation in this effort is important and, as such,
preliminary information is requested from you.

**INFORMATION REGARDING BERKS LANDFILL:**

In order for us to begin our evaluation of this claim, we request that you
supply certain information to us. If you have responded to an information
request from the USEPA or any other regulatory agency, please forward a
copy of your response.

If the response does not contain the following information, please include
it with a copy of the response that was sent to the regulator:

1.   Shipping origin of  any waste materials.



Liberty Mutual Insurance Group/Boston
Equal Opportunity Employer

XXXI-208

PRIVILEGED AND CONFIDENTIAL B&D MA    LM    0036674

2.    The exact waste product(s) generated from that facility.

3.    The method of shipment:  i.e., drum or bulk form?  If in drum, how were they sealed?

4.    Whether a transporter was involved.   If so, was there a contract? Please submit a copy.

5.    The exact quantity of waste and/or materials shipped.

6.    The dates shipments and a copy of any waste ledgers.

7.    Why the site was chosen?  Dates of site inspections by any personnel from your company.

8.    How waste  was disposed of before and after this site was used.

9.    Any information you have regarding this site, including its background, regulatory history, results of any testing, including testing of lead contamination, and if any remediation has taken place.

10.   Advise if there have been any state, federal, or other environmental violations issued to your company involving this site.

## INFORMATION REQUESTED REGARDING HARMONIC DRIVE:

In order for us to begin our evaluation of this claim, we request that you supply certain information to us.  If you have responded to an information request from a regulatory agency, please forward a copy of your response.

If the response does not contain the following information, please include it with a copy of the response that was sent to the regulator:

1.    Who is responsible for environmental matters at Black & Decker?

2.    A history of the waste disposal practices at this facility.

3.    A history of plant operations, including manufacturing methods, and the type of product(s) produced.

XXXI-209

PRIVILEGED AND CONFIDENTIAL B&D MA     LM      0036675

4..     A description of effluent dischar_ J daily and over what time period. Include any changes in the nature, quality and quantity of discharge due to variations in or cycling of plant operations.

5.     If leaking underground storage tank(s) is involved:

    a.     Date(s) tank(s) were installed and by whom?

    b.     Who manufactured the tank(s)?

    c.     If and when any inventory shortages were first noticed.

    d.     What substances were stored in the tank(s).

    e.     The volume capacity of the tank(s).

    f.     The condition of the tank(s) when removed?

    g.     The dates and results of any integrity tests performed on the tanks.

7.     The dates and results of any testing that has been done.

8.     A description of any clean-up or remediation that has taken place.

9.     A description of how the alleged release of pollutants caused contamination at the site. What was the source of the pollutants? How and when did the pollutants leave its source point?

10.     Advise if there have been any state, federal, or other environmental violations issued to your company involving this site.

11.     It appears that Black & Decker's first notice of pollution at this site was on or before April 29, 1993. You reported this claim to Liberty Mutual on March 3, 1994. Please advise reasons for this delay.

We presently lack sufficient information to comment specifically on how your client's policies may relate to the particular coverage issues present in environmental claims of this nature. Accordingly, we reserve all of our rights under the applicable law and under all policies of insurance issued to Black & Decker by Liberty Mutual and our continued investigation into this matter is not to be construed as a waiver of these rights. Furthermore, should we determine that Liberty Mutual's policies afford coverage in the

XXXI-210

PRIVILEGED AND CONFIDENTIAL B&D MA     LM     0036676

instant matter, we reserve our right to the selection of counsel to represent Black & Decker in this matter.    Additionally, we will pay only those rates for attorney services, and other defense costs, that are reasonable and necessary, incurred after the date of your notice to Liberty Mutual of this claim on March 3, 1994.

We will be in further contact with you once we have received and reviewed your responses to the information requested.    We will review the information as well as our records of your policies and will advise you in more detail of our coverage position once this has been completed.    In the interim please keep us fully informed of any further developments.

Very truly yours,
LIBERTY MUTUAL INSURANCE COMPANY


Gregory M. Rovnak
Environmental Claim Specialist

cc:    Linda H. Biagioni
       Black & Decker
       701 East Joppa Road
       Towson, MD 21286

GR/aj

XXXI-211

PRIVILEGED AND CONFIDENTIAL B&D MA    LM    0036677